UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BELINDA K., ) | Case No.: 10-CV-05797-LHK |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER REGARDING EAST BAY |
| ) | CHILDREN'S LAW OFFICES MOTION |
| COUNTY OF ALAMEDA et al., ) | TO DISMISS |
| ) | |
| Defendants. ) | |

On March 25, 2011, Defendants the East Bay Children's Law Offices and Jonna Thomas ("EBCLO Defendants") filed an Administrative Motion to Seal papers associated with a Motion to Dismiss the complaint in this action. Pursuant to Civil Local Rule 79-5, in addition to lodging copies of the documents they proposed to seal with the Court, the EBCLO Defendants were required to serve the Plaintiff and other parties in the case with these documents. The proposed sealed version of the moving papers are the papers the Court considers in deciding any motion, and the papers to which any opposing party must respond. Parties in the case must be served with these papers in accordance with Civil Local Rule 7-2. The process of moving to seal documents, and obtaining approval to file redacted, public versions of documents, has no effect on service requirements for the original, unredacted documents.

It appears that the EBCLO Defendants have not filed a proof-of-service indicating that they served the Plaintiff with their Motion to Dismiss.  After various unsuccessful attempts to properly move the Court for a sealing order, the EBCLO Defendants' sealing request was granted on May 20, 2011.  The EBCLO Defendants state that "[t]hereafter, on May 23, 2011, EBCLO's Motion to Dismiss Plaintiff's Complaint was filed."  Of course, the document filed pursuant to the Sealing Order was the redacted document for public filing, not the original, unredacted Motion to Dismiss.

Plaintiff filed a Motion to Strike the EBCLO Defendants' Motion to Dismiss, in part on the basis that it was not timely filed.   Plaintiff argues that the EBCLO Defendants' Motion to Dismiss was not filed within 21 days of service of the complaint.  It is not clear from the docket whether the EBCLO Defendants have been properly served with the complaint.  In light of their Motion to Dismiss, however, it is clear that the EBCLO Defendants have actual notice of the Plaintiff's complaint.

By Monday, June 13, 2011, the EBCLO Defendants shall file a statement indicating:

a) whether they have been properly served or have waived service of the complaint;

b) when the EBCLO Defendants served Plaintiff with the sealed (unredacted); version of their Motion to Dismiss and supporting documents, attaching any proof of service; and

c) why the Court should consider the EBCLO Defendants' Motion to Dismiss timely.

**IT IS SO ORDERED.**

Dated:  June 10, 2011                                                  _____
                                                                                               LUCY H. KOH
                                                                                       United States District Judge