UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BELINDA K., | ) Case No.: 10-CV-05797-LHK |
| Plaintiff, | ) |
| v. | ) ORDER DENYING MOTION FOR |
| | ) PRELIMINARY INJUNCTION |
| COUNTY OF ALAMEDA et al., | ) |
| Defendants. | ) |

Plaintiff Belinda K, proceeding pro se, filed a motion for a preliminary injunction seeking to enjoin Defendants from depriving her of the right to competent counsel and the right to be heard at the semiannual status review hearings to evaluate the foster placement of her son, J.H. *See* Motion for Preliminary Injunction, ECF No. 164. Plaintiff seeks an order compelling Defendants to appoint her competent counsel; to provide her with a "Judicial Forum free from overburdened dockets staffed by judicial officers demonstrating the appearance of bias that deprive her of the right to a fair trial;" to provide her with an opportunity to be heard; to provide her with the right to file motions; and to provide her access to her son's court file. *See* Motion for Preliminary Injunction at 26-27, ECF No. 164. Pursuant to Civil Local Rule 7-1(b), the Court deems Plaintiff's motion suitable for decision without oral argument. As explained below, Plaintiff has failed to establish that she is likely to succeed on the merits of her claims. Accordingly, Plaintiff's motion for a preliminary injunction is DENIED.

1

Case No.: 10-CV-05797-LHK
ORDER DENYING PRELIMINARY INJUNCTION

## I. Background

The underlying events giving rise to this civil suit relate to state court child custody proceedings. Plaintiff's minor son, J.H., was found to be a dependent of the Superior Court at a hearing on January 2, 2007. Although the custody determination was initially made in 2007, the state court conducts semiannual status review hearings to re-evaluate J.H.'s foster placement. There has been no change in the Plaintiff's parental rights since the determination that J.H. was a dependent of the state back in January 2007. *See* Order at 5, September 21, 2011, Related Case Matter No. 10-cv-2507, ECF No. 55.

On December 21, 2010, Plaintiff filed a complaint alleging that J.H. was taken from her custody on the basis of falsified, misleading and incomplete information. The Court granted Defendants' motion to dismiss all claims on July 8, 2011, but allowed Plaintiff to amend her complaint to cure deficiencies identified by the Court. *See* Order, July 8, 2011, ECF No. 153. Plaintiff filed her First Amended Complaint (FAC) and shortly thereafter filed a motion for a preliminary injunction. ECF No. 164. Several Defendants filed oppositions to Plaintiff's motion for a preliminary injunction, including Defendants Mary Chew, Tracy Fernandez, Linda Fuchs, Bruce Jackson, Richard Winnie, and the East Bay Children's Law Office. *See* ECF Nos. 183, 185. Plaintiff filed a reply in support of her motion for a preliminary injunction.[1] ECF No. 197. Essentially, Plaintiff alleges that the state's dependency court system is overburdened, and that as a result she has been deprived of her right to competent counsel at her son's six-month status review hearings. As such, she seeks an order from this court compelling Defendants to appoint her competent counsel and a judicial forum free from overburdened dockets.

## II. Legal Standard

Preliminary relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

---

[1] Plaintiff filed a motion for leave to file an oversized reply brief in support of her motion for a preliminary injunction. ECF No. 195. Plaintiff's motion to file an oversized brief is GRANTED.

2
Case No.: 10-CV-05797-LHK
ORDER DENYING PRELIMINARY INJUNCTION

in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 374. The issuance of a preliminary injunction is at the discretion of the district court. *Indep. Living Ctr. v. Maxwell-Jolly,* 572 F.3d 644, 651 (9th Cir. 2009). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F. 3d 1196, 1201 (9th Cir. 2009). Preliminary relief that seeks to compel performance of an affirmative act, as opposed to maintaining the status quo, is "particularly disfavored**.**" *Transwestern Pipeline Co. v. 17.19 Acres*, 550 F.3d 770, 776 (9th Cir. 2008) (citing *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)).

### III.    Application

As an initial matter, Plaintiff appears to seek to have this Court oversee the state dependency court proceedings. The Court declined to remove the six-month status hearings to federal court in the related case number 10-CV-2507. Essentially, Plaintiff seeks to revisit this prior ruling in the related case by couching her motion as a motion for a preliminary injunction. The Court declines to revisit and alter the initial ruling that the six-month status review hearings should remain in state dependency court.

Moreover, Plaintiff is unlikely to establish a likelihood of success on the merits of her claims because several abstention doctrines preclude this Court from interfering with pending state court proceedings.

First, a recent Ninth Circuit decision, with factually similar allegations, is instructive. In *E.T. v. Cantil-Sakauye*, 657 F.3d 902 (2011), the Ninth Circuit held that a district court properly dismissed a complaint on abstention grounds. In *E.T.*, plaintiffs alleged "crushing and unlawful caseloads" frustrated the ability of dependency courts to "fairly and adequately hear their cases" and frustrated the ability of court appointed counsel to provide effective assistance of counsel. *Id.* at 904. Plaintiffs asserted claims under 42 U.S.C. § 1983 and sought declaratory and injunctive relief restraining future violations of plaintiffs' constitutional rights and an order "mandating that Defendants provide the additional resources required to comply with" recommended caseloads for court appointed attorneys. *Id.*

3

Case No.: 10-CV-05797-LHK
ORDER DENYING PRELIMINARY INJUNCTION

The Ninth Circuit held that the complaint was properly dismissed under *O'Shea* abstention. *See id.* at 905 (citing *O'Shea v. Littleton*, 414 U.S. 488 (1974). Under *O'Shea* abstention "[f]ederal courts may not entertain actions that seek to impose an ongoing federal audit of state proceedings." *Id.* citing *O'Shea*, 414 U.S. at 500. In applying *O'Shea* abstention, the Ninth Circuit concluded that the declaratory relief sought would intrude on the administration of the dependency court because the case involved an assessment of "average attorney caseloads and the right to counsel, with remedies potentially involving a substantial interference with the operation of the program, including allocation of the judicial branch budget, establishment of program priorities, and court administration." *Id.* at 906. Moreover, the Ninth Circuit held that granting the requested relief would subject the Defendants to further challenges in federal court.

To the extent that Plaintiff requests an order from this Court directing the overall administration of the dependency court system and the right to a judicial forum free from an overburdened docket, Plaintiff's motion for a preliminary injunction must be denied on *O'Shea* abstention grounds. There appears to be no material difference between the relief sought by the Plaintiffs in *E.T.* and the relief sought by Plaintiff here. Any such order or injunction would require an ongoing audit of state court proceedings and would violate the principles set forth in *O'Shea*.

Second, to the extent that Plaintiff seeks an order requiring the state dependency court to provide her with an opportunity to be heard; to provide her with the right to file motions; the right to competent counsel, and to provide her access to her son's court file (as distinct from an order directing the administration of the state dependency court as a whole), such an injunction is barred by *Younger* abstention. Under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) federal courts should abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger*, 401 U.S. at 41. In the absence of "extraordinary circumstances," abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The *Younger* doctrine has been extended to civil matters,

4

including juvenile dependency proceedings, and even to ICWA claims in such proceedings. *Moore v. Sims*, 442 U.S. 415, 423 (1979); *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996).

In this case, the minor J.H. has been in state custody since December 2006, and the proceedings ongoing in the Superior Court are semiannual status review hearings to evaluate J.H.'s foster placement. Thus, the pending state court proceedings are ongoing and meet the first *Younger* requirement. Second, it is well established that juvenile court proceedings implicate important state interests. *See E.T. v. George*, 681 F.Supp. 2d 1151 (E.D. Cal. 2010) ("[T]his litigation implicates important state interests in the care, placement, and welfare of children in the . . . dependency court system."). Moreover, based on the record before the Court, it appears that the ongoing state proceedings do "'afford an adequate opportunity' to raise the ICWA and constitutional claims . . . and there is no showing of a procedural bar against his assertion of those claims." *Morrow*, 94 F.3d at 1398 (internal quotations and citations omitted).

Indeed, based both on Plaintiff's allegations and the Superior Court records, it appears that the Superior Court made good faith efforts to comply with ICWA and has provided Plaintiff the opportunity to participate in the dependency court hearings. Plaintiff has appeared at the status review hearings, either pro se or by represented counsel.[2] Although she now claims that she has been denied the right to counsel, it appears as though it is Plaintiff herself who requested to proceed pro se. Finally, the protective order in place in the dependency proceedings that Plaintiff challenges does not prohibit Plaintiff from reviewing records or documents in the court file, but rather allows the minor's counsel the opportunity to first assert privilege over confidential information and redact this information from the file. Plaintiff herself acknowledges that "the only proper part of the protective order might be the protection of patient client privilege for the minor." Finally, there is no indication that Plaintiff is without the opportunity to challenge these court rulings or assert her statutory and constitutional rights.

---

[2] Plaintiff alleges that she was denied the right to file papers with the court. It appears, however, that she was told she was not allowed to file papers while she was represented. The Superior Court's policy against accepting pro se filings from represented parties does not constitute a state law precluding Plaintiff's right to file motions or right to be heard.

5
Case No.: 10-CV-05797-LHK
ORDER DENYING PRELIMINARY INJUNCTION

"*Younger* . . . and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *Id.*  For these reasons, the Court finds that *Younger* and *O'Shea* abstention apply.  Accordingly, Plaintiff's motion for a preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: January 30, 2012

LUCY H. KOH
United States District Judge

6
Case No.: 10-CV-05797-LHK
ORDER DENYING PRELIMINARY INJUNCTION