UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BELINDA K., | Case No.: 10-CV-05797-LHK |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO STAY; DENYING MOTION TO REMOVE GUARDIAN AD LITEM; DENYING MOTION TO INVALIDATE PROTECTIVE ORDER |
| COUNTY OF ALAMEDA et al., | |
| Defendants. | |

Before the Court are Plaintiff's Motion to Stay the Litigation, Plaintiff's Motion to Remove Guardian Ad Litem, and Plaintiff's Motion to Invalidate Protective Order under ICWA. *See* ECF Nos. 169, 204, 213. The underlying events giving rise to this civil suit relate to state court child custody proceedings. The facts underlying the litigation are set forth in this Court's July 8, 2011 Order, and will not be recited in full here. *See* ECF No. 153. Pursuant to Civil Local Rule 7-1(b), the Court deems Defendants' motions suitable for decision without oral argument. For the foregoing reasons, Plaintiff's pending motions are DENIED.

**I.     Motion to Stay**

Plaintiff filed a motion to stay the Defendants' pending motions to dismiss until "final decision is reached in the related case, Petition to Invalidate, Case #10-CV-2507-LHK." *See* ECF No. 204. Several Defendants filed oppositions to Plaintiff's motion to stay.[1]

---

[1] Defendants East Bay Children's Law Offices, Geri Isaacson, Alameda County, Mary Chew, Linda Fuchs, Tracy Fernandez, Bruce Jackson, Richard E. Winnie, and Alameda County Public

1

Case No.: 10-CV-05797-LHK
ORDER DENYING VARIOUS MOTIONS

Whether to issue a stay is "an exercise of judicial discretion . . . to be guided by sound legal principles." *Nken v. Holder*, 129 S. Ct. 1749, 1760-61 (2009) (citation omitted). Petitioners do not have an absolute right to a stay "even if irreparable injury might otherwise result;" instead, the propriety of granting a stay depends on the circumstances of each case. *Id*. at 1760 (citing *Virginian R. Co*., 272 U.S. 658, 672 (1926)). In an exercise of that discretion, the Court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268). The Ninth Circuit has indicated that "while it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Plaintiff has not established that she is likely to suffer a hardship in the absence of a stay. Indeed, this case has proceeded concurrently with the related case number 10-CV-2507 for over a year, and Plaintiff has failed to explain why a stay is necessary now. Moreover, the stay that Plaintiff proposes would effectively only stay Defendants' motions to dismiss, but allow her affirmative motions to go forward. Such a disjointed stay is neither fair to both parties, nor an efficient case management tool.

The authority cited by Plaintiff is inapposite. In *Coscia v. McKenna & Cuneo*, 25 Cal. 4th 1194, 1211 (2001), the court approved granting a stay in a civil malpractice action based on a criminal case while the criminal proceeding is pending. This scenario is simply not present here.

---

Defender's Office opposed Plaintiff's motion to stay. ECF Nos. 205, 207, 209. Defendants Lezly Crowell, Cheryl Smith, Dennis Reid, Patrick O'Rourke, the Alameda County Bar Association, and the City of San Leandro joined in the oppositions filed by Defendants Alameda County and East Bay Children's Law Office. ECF Nos. 208, 210.

2
Case No.: 10-CV-05797-LHK
ORDER DENYING VARIOUS MOTIONS

1   Plaintiff's individual damages suit is separate and distinct from the ICWA Petition filed in the
2   related case. The policy concerns implicated in *Coscia* are not implicated here.
3       Additionally, the Court agrees with Defendants that a stay would likely cause Defendants
4   prejudice. Defendants filed motions to dismiss Plaintiff's First Amended Complaint. Plaintiff
5   sought, and was granted, an extension to file an opposition to Defendants' motions to dismiss.
6   ECF Nos. 187 & 190. Instead of filing an opposition, Plaintiff filed a motion to stay the
7   proceedings, suggesting that Plaintiff is seeking a stay to obtain a tactical advantage and delay
8   proceedings. ECF No. 204. Because Plaintiff has failed to establish that she would likely suffer
9   hardship in the absence of a stay, and Defendants would likely be prejudiced if a stay were granted,
10  Plaintiff's motion is DENIED.

**II.     Motion to Remove Guardian Ad Litem**

12      In the related case seeking invalidation of a state court custody determination the minor, J.H.
13  was appointed a guardian ad litem because the Court determined that there was a potential conflict
14  of interest between the parent, the Plaintiff in this action, and her minor son, and the issues in the
15  case implicated J.H.'s interests. *See* ECF No. 181, Case Number 10-CV-2507-LHK. Plaintiff now
16  seeks in this action to remove J.H.'s guardian ad litem.

17      Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or incompetent person who does
18  not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The
19  court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or
20  incompetent person who is unrepresented *in an action*." Fed. R. Civ. P. 17(c)(2) (emphasis added).
21  "The role of the guardian ad litem is to protect the incompetent person's rights in the action, to
22  control the litigation, to compromise or settle, to direct the procedural steps, and make
23  stipulations." *Golin v. Allenby*, 190 Cal. App. 4th 616, 644 (2010).

24      J.H., however, is not a party to this action. As the Court explained in its July 8, 2011 Order,
25  all causes of action brought on behalf of J.H. were dismissed. *See* ECF No. 153 at 8-9. J.H. was
26  appointed a guardian ad litem only in the related case number 10-CV-2507. The appointment of
27  his guardian ad litem, therefore, cannot be challenged in this action. Accordingly, Plaintiff's
28  motion to remove the guardian ad litem is DENIED.

3
Case No.: 10-CV-05797-LHK
ORDER DENYING VARIOUS MOTIONS

### III. Motion to Invalidate Protective Order Under ICWA

Finally, Plaintiff seeks an order from this Court invalidating a protective order that was entered in the state dependency court. The juvenile court judge entered a protective order placing certain restrictions on Plaintiff's ability to review confidential psychological evaluations regarding her minor son. *See* ECF No. 169, Ex. H. For example, prior to reviewing any court files or case worker files, the minor's counsel may first receive notice and an opportunity to assert privilege and redact confidential or privileged information. *See* Ex. H. Plaintiff argues that the protective order violates the ICWA provision that states that "[e]ach party to a foster care placement or termination of parental rights proceeding under State law involving an Indian child shall have the right to examine all reports or other documents filed with the court upon which any decision with respect to such action may be based." 25 U.S.C. § 1912(c).

There are several reasons why the Court declines to invalidate the dependency court's protective order. First, it isn't clear that ICWA authorizes such a remedy. Section 1914 of ICWA provides that the Indian child, the parent or Indian custodian, or the tribe "may petition any court of competent jurisdiction to invalidate such action." 25 U.S.C. § 1914. The action referred to is a state court action for "foster care placement or termination of parental rights." *Id.* "The language of the statute could not be clearer: Congress authorized any court of competent jurisdiction to invalidate a state court *judgment* involving the Indian child." *Doe v. Mann*, 415 F.3d 1038, 1047 (9th Cir. 2005) (emphasis added). A protective order is not a judgment of foster care placement or termination of parental rights. Accordingly, ICWA may not authorize such a remedy.

Second, it does not appear that the protective order violates section 1912(c). According to section 1912(c), the parties have the right "to examine all reports or other documents filed with the court upon which any decision with respect to such action may be based." The protective order does not prohibit Plaintiff from reviewing records or documents in the court file, but rather allows the minor's counsel the opportunity to first assert privilege over confidential information and redact this information from the file. Plaintiff herself acknowledges that "the only proper part of the protective order might be the protection of patient client privilege for the minor." Petition to Invalidate Protective Order at 8.

4

Case No.: 10-CV-05797-LHK
ORDER DENYING VARIOUS MOTIONS

Finally, Plaintiff's petition to invalidate the protective order[2] is essentially an attempt to issue an injunction in a pending state court proceeding. Under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), however, federal courts should abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger*, 401 U.S. at 41. In the absence of "extraordinary circumstances," abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. See *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The *Younger* doctrine has been extended to civil matters, including juvenile dependency proceedings, and even to ICWA claims in such proceedings. *Moore v. Sims*, 442 U.S. 415, 423 (1979); *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996).

In this case, the minor J.H. has been in state custody since December, 2006, and the proceedings ongoing in the Superior Court are semiannual status review hearings to evaluate J.H.'s foster placement. Thus, the first two *Younger* factors are present. *See E.T. v. George*, 681 F.Supp. 2d 1151 (E.D. Cal. 2010) ("[T]his litigation implicates important state interests in the care, placement, and welfare of children in the . . . dependency court system."). Based on the record before the Court, it appears that "the ongoing state proceeding does 'afford an adequate opportunity' to raise the ICWA and constitutional claims . . . and there is no showing of a procedural bar against his assertion of those claims." *Morrow*, 94 F.3d at 1398. Plaintiff is able to appear at the status review hearings and may raise constitutional and federal statutory challenges in that forum. Therefore, the Court is persuaded that "*Younger* . . . and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *Id.* Plaintiff's petition to invalidate the state court protective order is therefore DENIED.

**IV.  Conclusion**

---

[2] Plaintiff also seeks an order invalidating the protective order because "it was not properly noticed." Plaintiff also requests an order for declaratory and injunctive relief or a restraining order prohibiting attorney Jonna Thomas from conducting any further harassing improper conduct against Petitioner."

5
Case No.: 10-CV-05797-LHK
ORDER DENYING VARIOUS MOTIONS

Plaintiff's motions for a stay of proceedings, to remove the guardian ad litem, and to invalidate the state court protective order are DENIED.

**IT IS SO ORDERED.**

Dated: January 30, 2012

_____
LUCY H. KOH
United States District Judge